Plaintiffs Richard and Nelda Humphries appeal a judgment of the Court of Common Pleas of Licking County, Ohio, which found in favor of defendant New Par, DBA AirTouch Cellular, Inc., on plaintiffs' action for ejectment for wrongful possession of plaintiffs' real estate. Appellants assign four errors to the trial court:
ASSIGNMENTS OF ERROR
 1. THE COURT ERRED IN DETERMINING THAT THE LEASE THAT WAS ENTERED INTO BY PLAINTIFF-APPELLANTS AND CELLWAVE, INC. WAS ASSIGNABLE.
 2. THE COURT ERRED IN DETERMINING THAT THE APPELLEE WAS NOT THE PROPER PARTY DEFENDANT, SINCE THERE WERE CONFLICTING FACTUAL ISSUES THAT SHOULD HAVE BEEN DETERMINED BY THE JURY.
 3. THE COURT ERRED IN JOINING A NON-MOVING PARTY AND NOT ALLOWING FURTHER DISCOVERY TO APPELLANTS.
 4. THE COURT ERRED IN GRANTING JUDGMENT IN A SUMMARY JUDGMENT PROCEEDING WHERE THERE WERE GENUINE ISSUES OF FACTUAL MATTERS TO BE DETERMINED BY THE JURY, INCLUDING CREDIBILITY ISSUES.
The trial court's memorandum decision filed September 22, 1998, recites the undisputed facts. Appellants leased property at 13493 East Main Street in Reynoldsburg, Licking County, Ohio, to Cellwave on April 20, 1993, for a period of five years with five additional five year options. Pursuant to the lease, Cellwave had the right to construct a cellular telephone communications tower, a building, related equipment and fencing, and Cellwave had a right of way for access to the premises. The lease contained an integration
 written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
Civ. R. 56 (E) states in pertinent part:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-movant, reasonable minds could draw different conclusions from undisputed facts, Hownshell v. American States InsuranceCompany (1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities within the evidence presented, InlandRefuse Transfer Company v. Brown-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St.3d 321. This court reviews a summary judgment using the same standard as the trial court uses,Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
In their first assignment of error, appellants argue the lease entered into with Cellwave was not assignable. Appellants offered an affidavit in opposition to appellees' motion for summary judgment, asserting that during the negotiation of the original lease, because of his skill, knowledge, experience, or expertise which is unique and cannot be duplicated by others, see Smith v. Ohio State University Hospitals (1996), 110 Ohio App.3d 412. A contract for personal services gives the purchaser control over the services to be performed by the selected individual, Id. Thus, appellant's argument fails for two reasons, the first being the integration clause prohibits the court from considering the affidavit which asserts the contract was a personal service contract, see supra. Secondly, the original lease entered into by appellants and Cellwave, Inc. on its four corners lacks the indicia of a contract for personal services, Smith, supra.
We find the court correctly determined the lease entered into by appellants and Cellwave was assignable as a matter of law.
The first assignment of error is overruled.
 IV
Appellant urges summary judgment was inappropriate because there were genuine issues of material fact, including credibility issues, which were appropriate for jury review. Appellants have not complied with Loc. App. R. 9 (A)(4), because they have not included a separate statement of the specific material facts they claim are genuinely disputed. However, their brief makes it clear the factual issues to which they allude concern the affidavits submitted regarding the conversation prior to the execution of lease, and theestoppel certificate appellee requested appellants complete, which appellants maintained demonstrates appellees knew the lease was not assignable.
Because we find in I, supra, parole evidence is not admissible here to supplement or alter the terms of the written lease, it follows the affidavits do not comply with Civ. R. 56 motion, because of discovery issues. The court responded on August 10, 1998, by establishing a briefing schedule and setting a hearing for the motion for summary judgment for September 4, 1998. The record does not reflect appellant asked for further time to conduct discovery. In their brief, appellants do not inform this court what discovery was denied them. We find appellants have not demonstrated the court committed prejudicial error here.
The second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellants.
---------------------------
---------------------------
 --------------------------- JUDGES